# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN PENDERGRASS | : | CIVIL ACTION |
| v. | : | |
| THEODORE PENDERGRASS, II, *et al.* | : | NO. 18-478 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                     April 6, 2020

In this case, Plaintiff Joan Pendergrass, the widow of legendary singer Theodore D. Pendergrass, has sued the decedent's son, Theodore Pendergrass, II, and the attorneys who represented the decedent's son during a will contest in state court. After Mr. Pendergrass died on January 13, 2010, Defendant Pendergrass and Plaintiff engaged in a protracted will contest in state court. Defendant Pendergrass promoted a May 2009 will; Plaintiff advanced an earlier March 2009 will. Ultimately, Plaintiff prevailed in state court. Invoking this court's diversity jurisdiction, Plaintiff has sued Defendants to recover her costs of litigation in state court.

The discovery dispute presently before the court involves several hundred pages of documents, which Plaintiff asserts are protected from disclosure to movant Defendant Holman, on the sole ground of attorney-client privilege. This court has reviewed, *in camera*, single emails or email chains from Plaintiff to the attorneys that represented her during the protracted will contest, email chains between several people, including Plaintiff and attorneys, and one document that is not part of an email chain. The vast majority of the documents submitted to the court consist of Plaintiff's requests for or counsel's provision of legal advice or assistance, which would be entitled to attorney-client privilege. This opinion analyzes the relatively few remaining documents that are not protected by the attorney-client privilege and, therefore, are discoverable by Defendant

Holman.

## I. Attorney-Client Privilege Standard

In this diversity case, whether or not the attorney-client privilege applies is determined by state law. *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 965 (3d Cir. 1988) (citing Fed. R. Ev. 501). No party has advanced the law of any state other than Pennsylvania; hence, this court will apply Pennsylvania law. In Pennsylvania, the attorney-client privilege is codified as follows:

> In a civil matter, counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa. C.S. § 5928.

Application of this protection in discovery matters requires the party seeking to shield communications from disclosure, by way of the attorney-client privilege, to, initially, demonstrate the existence of four factors:

1) [t]he asserted holder of the privilege is or sought to become a client[;]
2) [t]he person to whom the communication was made is a member of the bar of a court, or his subordinate[;]
3) [t]he communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort[;]
4) [t]he privilege has been claimed and is not waived [by the client].

*Bousamra v. Excela Health,* 210 A.3d 967, 982-83 (Pa. 2019); *see also St. Luke's Hosp. of Bethlehem v. Vivian*, 99 A.3d 534, 542-43 (Pa. Super. Ct. 2014) (citing *Custom Designs & Mfg. Co. v. Sherwin-Williams Co.*, 39 A.3d 372, 376 (Pa. Super. Ct. 2012)). The privilege is waived if the information is communicated to a third party. *Bousamra*, 210 A.3d at 982. If no waiver occurs

and the client can otherwise satisfy the four-part test, the burden shifts to the requestor to explain why the communication at issue should not be considered privileged. *Bousamra*, 210 A.3d at 983 (citing *Custom Designs*, 39 A.2d at 376).

## II. Application of Relevant Principles

Luber 1939 and Luber 2011 are both attempts by Plaintiff to seek a reduction in the hourly rate charged by her attorneys for representation during the will contest. Luber 8929 is a duplicate of Luber 1939. Luber 9001 is part of Luber 8929. On their face, these documents do not request legal assistance; hence, Plaintiff has not satisfied the third factor of the test, the attorney-client privilege does not apply, and the documents must be provided to Defendant Holman.

Luber 5791-5797 are an email sent by Plaintiff's attorney in the will contest to Plaintiff (top of Luber 5791); attached thereto is an email Plaintiff's counsel sent to opposing counsel. The email sent to opposing counsel attached a report authored by Plaintiff's handwriting expert (balance of Luber 5791 and Luber 5792-97). The email from counsel Foster to Plaintiff (top of Luber 5791) exposed his legal impressions of the case, hence, it should not be disclosed to Defendant Holman. However, the balance of Luber 5791 and Luber 5792-97 were forwarded to opposing counsel during the will contest, thus, waiving any privilege that, otherwise, might have attached. *See Bousamra*, 20 A.3d at 982. Plaintiff shall redact the top portion of Luber 5791 that contains the email Plaintiff's counsel sent to Plaintiff; the balance of Luber 5791 and Luber 5792-5797 must be provided to Defendant Holman.

An email (Luber 6215-6220) sent by Plaintiff's attorney in the will contest to Plaintiff (Luber 6215) attached a letter Plaintiff's counsel sent to opposing counsel (Luber 6216), along with Plaintiff's witness list for an upcoming hearing in the will contest (Luber 6217-6220). Luber 6215 was sent from counsel to Plaintiff as part of the legal assistance being provided, hence, the

attorney-client privilege bars its disclosure. Inasmuch as Luber 6216-6220 were sent to opposing counsel in the will contest, any privilege that might have attached to those documents was waived. *See Bousamra*, 20 A.3d at 982. Luber 6216-6220 must be produced to Defendant Holman.

Luber 6485-6495 consist of an email sent to Plaintiff by her attorney (Luber 6485), and a letter and attachments (documents filed in the will contest) that were sent to a third party. This email (Luber 6485) provided legal assistance to Plaintiff and is protected by the attorney-client privilege; however, the letter and remaining papers (Luber 6486-6495) hat were disclosed to a third party are discoverable, as privilege was waived. *See Bousamra*, 20 A.3d at 982.

Luber 6932 is an email sent to Plaintiff by a legal assistant at the law firm representing Plaintiff in the will contest. The email provides parking instructions to Plaintiff, not any legal assistance to Plaintiff. Thus, the third factor of the test is not satisfied, the attorney-client privilege is inapplicable, and Luber 6932 must be provided to Defendant Holman.

Luber 7671-7674 consists of a string of emails from opposing counsel in the will contest that were sent to Plaintiff in order to schedule her deposition. Much of the information was created by opposing counsel (a third party to the asserted attorney-client privilege), does not provide legal advice to Plaintiff by her attorney and was disclosed to opposing counsel. These documents cannot satisfy the third and fourth factors necessary to invoke the attorney-client privilege. Hence, Luber 7671-7674 must be disclosed. Luber 7964-7967, a duplicate of Luber 7671-7674, is, likewise, discoverable by Defendant Holman.

Luber 9815-9816 is an email and response from Plaintiff's law firm in the will contest to Plaintiff requesting Plaintiff to inform the firm which address she wanted the firm to use when sending its bills. Luber 9817 is contained within Luber 9815-9816. The contend to these documents does not provide legal assistance; thus, Plaintiff cannot satisfy the third factor, the

attorney-client privilege does not apply, and Luber 9815-9817 must be provided to Defendant Holman.

In Luber 10261, Plaintiff asked that her attorney in which not discuss payments she makes with anyone at his law firm. On its face, the document does not establish that it was sent in order to secure legal assistance from her attorney; Plaintiff has not demonstrated the third factor. Hence, Luber 10261 is not privileged and is discoverable.

Luber 12417, an email Plaintiff sent to her attorney, attached a newspaper article concerning an appeal the decedent's two daughters had filed in the will contest. Plaintiff has provided no specific explanation of why this email was sent, hence, it is not apparent that its intent was to secure legal assistance. Plaintiff has not established the third factor, so Luber 12417 shall be disclosed to Defendant Holman.

Finally, Plaintiff 1294-1299, a document titled "Assignment of Proceeds and Fee Agreement" between Plaintiff and Offit Kurman, P.A., is unsigned. Plaintiff omitted any mention of this document from her Memorandum. *See* Pl.'s Mem. at 9-12. It is Plaintiff's initial burden to establish that the attorney-client privilege applies to the document, by establishing each of the four factors. *Bousamra*, 210 A.3d at 982-83. She has not carried her burden, because she failed to address this document. Therefore, Plaintiff 1294-1299 shall be disclosed to Defendant Holman.

An implementing Order follows.